J. H. THERRELL, as Liquidator of Bank of Bay Biscayne, and MIAMI INSURANCE AGENCY, INC., a Florida corporation, *Appellants,* vs. H. H. FILER, BEN H. COCROFT, and JULIAN H. WEBSTER, as and constituting the Board of Public Instruction for the County of Dade, State of Florida, a Corporation, *Appellees.*

En Banc.

Opinion filed April 15, 1931.

Petition for rehearing denied May 4, 1931.

*Burdine, Terry & Fleming* and *Carl T. Hoffman,* for Appellants;

*Shipp, Evans & Kline,* for Appellees.

TERRELL, J.—On June 4, 1930, the Bank of Bay Biscayne was the qualified county depository for the Board of Public Instruction of Dade County as required by Section 1560 Revised General Statutes of 1920 (Section 2405 Compiled General Laws of 1927) and had on deposit funds of that Board to the amount of Two Hundred Seventy-five Thousand Dollars ($275,000). On June 11, following, this deposit had been increased to Three Hundred Twenty-three Thousand Two Hundred Sixty-two and five one hundredths dollars ($323,262.05). To secure prompt payment of these funds as per terms of the statute as above the Bank of Bay Biscayne had posted its surety bond in the amount of Two

Hundred Fifty Thousand Dollars and had deposited with the Comptroller of the State Municipal Bonds in the sum of One Hundred Two Thousand Dollars ($102,000) which were later found to have materially depreciated in value and Forty-eight Thousand Dollars ($48,000) in United States Government bonds, the last named item being the subject matter of this litigation.

By resolution of the Board of Public Instruction, dated June 7, 1930, the Comptroller was requested to surrender the Forty-eight thousand Dollars in United States Government bonds to the Bank of Bay Biscayne, the said resolution having been adopted at the request of the bank on the showing that the securities held by the board, exclusive of this amount were more than ample to protect the school funds in the hands of the bank as depository. June 11, 1930, the Bank of Bay Biscayne failed and was taken in charge by the Comptroller as banking commissioner for liquidation. Immediately on being advised of the failure of the Bank of Bay Biscayne, the board of public instruction convened and adopted a resolution rescinding their former resolution dated June 7, 1930, and directed the Comptroller to hold said Forty-eight thousand dollars of United States government bonds for the protection of the school funds on deposit in said bank.

In August, 1930, Appellees here, Complainants below filed their bill of complaint against the Comptroller praying for an adjudication of the status of said forty-eight thousand dollars United States bonds, that the same be held by the Comptroller and appropriated for the benefit and protection of the school funds of Dade County, and that the Comptroller be restrained from disposing of said United States bonds till the further order of the court. The restraining order prayed for was granted without notice or bond by consent of counsel.

In September, 1930, the Miami Insurance Agency Inc. was granted leave to intervene and become a party defendant to said cause, it having alleged that relying on the resolution of the Board of Public Instruction dated June 7, 1930, it had negotiated for and purchased Twenty Thousand Dollars of the said bonds. In October, 1930, J. H. Therrell as liquidator was granted leave to intervene and become a party defendant for the purpose of contesting the right of the Bank of Bay Biscayne to said bonds. Both interveners filed their separate answers to the bill of complaint to which demurrers were entered. Both demurrers were sustained and the interveners appealed.

Two errors are assigned, the one being predicated on the order of the Chancellor sustaining the demurrer to the answer of the liquidator to the bill of complaint and the other on the order of the Chancellor sustaining the demurrer to the answer of Miami Insurance Agency, Inc. to the bill of complaint.

Under the foregoing facts, does the Comptroller hold the Forty-eight Thousand Dollars of United States bonds as part of the assets of the Bank of Bay Biscayne or are said funds held by him to secure the prompt payment of the school funds of Dade County on deposit in said bank?

The pertinent part of the statute (Section 1560 Revised General Statutes of 1920, Section 2405 Compiled General Laws of 1927) requiring the deposit to secure prompt payment of the school funds of Dade County, a part of which is the Forty-eight Thousand Dollars United States bonds, is as follows:

"Any bank, as described above, desiring to become a county depository as herein provided, shall file with the Board of County Commissioners or Board of Public Instruction, or both Boards, a written offer and guarantee

to pay said Board or Boards two per cent. per annum on all daily balances when such funds exceed two thousand dollars, and four per cent. per annum on time deposits, and shall execute and deliver to said Board or Boards a surety bond issued by some company duly authorized to do business in this State, or make satisfactory deposit to the credit of the County, Federal, State, county or municipal bonds, in an amount to be determined by each of the said boards, respectively, and be approved both as to amount and to validity by the Comptroller of the State, and conditioned that said bank insure the safekeeping, accounting for and paying over upon demand by proper authority all money that may come into its hands by virtue of its acting as said depository, and will in all respects duly and faithfully perform the duty imposed upon it."

Appellants contend that prior to the resolution of the Board of Public Instruction of June 7, 1930, the Forty-eight Thousand Dollars of United States Bonds were held by the Comptroller as a mere pledge to partially secure the school funds of Dade County on deposit in the Bank of Bay Biscayne, that the said resolution had the effect of releasing said funds to the bank and that the Board of Public Instruction is now estopped from asserting any right or title in said funds.

We do not think this contention can be sustained. As to these securities, the Comptroller was more than the agent or escrow holder of the board of public instruction, he was required to approve the amount and validity of the securities and could have appropriately declined to comply with the resolution of the board of public instruction. It is true that they were a pledge of collateral security and are governed by the law of pledge but that law in this case is fixed

by the terms of the statute as above quoted, the condition of which is that said securities "insure the safe keeping, accounting for, and paying over upon demand by proper authority all money that may come into its (bank's) hands by virtue of its acting as said depository". This statute was as much a part of the contract between the Bank of Bay Biscayne and the Board of Public Instruction as if it had actually been written into it. State ex rel. Dos Amigos vs. Lehman et al., decided Nov. 22, 1930.

A pledge is a bailment or delivery of goods or property to a creditor by way of security for the performance of an act or engagement or the security of a debt. Generally it differs from a common law mortgage in that the title to the thing pledged remains in the pledgor while in the latter it passes to the mortgagee subject to the equity of redemption. Security is the very essence of the pledge, the law of it is determined by contract which in the case at bar is fixed by the statute and the pledgee is not only entitled but he is required to retain possession of the property until the purposes of the pledge are satisfied.

The resolution of the Board of Public Instruction of June seventh was predicated on the solvency of the bank and the fact that the funds of the Board were more than amply secured. When on the eleventh of June, four days later the bank closed and the Board found that its resolution of the seventh had been actuated by a false impression it had a perfect right to rescind its resolution of the seventh and order the Comptroller to hold the securities in question for the benefit of the school fund. Knowledge of the resolution of the eleventh was wired to the Comptroller and received by him before he acted on the resolution of the seventh. Interveners were aware of the statute and the status of the securities held under it and were on

notice that they could not recover possession of them until the funds they secured were fully paid.

We are therefore of the opinion that the forty-eight thousand dollars of United States bonds involved here are held by the Comptroller for the benefit of the public school fund of Dade County and that neither intervener acquired any interest in them whatever by the transactions outlined in their answer to the bill of complaint.

The decree of the Chancellor is accordingly affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD AND ELLIS, J.J., AND JOHNSON, Circuit Judge, concur.

BROWN AND DAVIS, J.J., disqualified.